**STATE OF MONTANA,**
    **Plaintiff,**

-vs-

**BRIAN S. TORRES-EVANS,**
    **Defendant.**

**CAUSE NO. DC-05-199**

**DECISION**

On February 7, 2012, the prior sentence imposed on December 20, 2005, was revoked. The Defendant was sentenced for Count I: Criminal Possession of Dangerous Drugs with Intent to Distribute, a felony, in violation of Section 45-9-103, MCA, to a term of Fifteen (15) years in Montana State Prison, Fifteen (15) years suspended; and other terms and conditions given in the Judgment on February 7, 2012.

On October 1, 2013, the prior sentence imposed on February 7, 2012, was revoked. The Defendant was sentenced for Count I: Criminal Possession of Dangerous Drugs with Intent to Distribute, a felony, in violation of Section 45-9-103, MCA, to a term of Fifteen (15) years to Department of Corrections, Ten (10) years suspended; Court recommends placement in any and all appropriate programs; credit for time served of 13 days; and other terms and conditions given in the Judgment on October 1, 2013.

On February 27, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present by telephone from the Helena Pre-Release Center in Helena, Montana. The Defendant was represented by Jorden Ramler, an intern with the Montana Office of Public Defender, under the supervision of Ed Sheehy, Jr., Attorney at Law. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the unanimous decision of the Division that the sentence shall be AFFIRMED.

Done in open Court this 27th day of February, 2014.

DATED this 31st day of March, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Kathy Seeley and Member Hon. Brenda Gilbert.